**Arthur J. GOLDBERG, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**AMALGAMATED LOCAL UNION NO. 355, An Unincorporated Association, Defendant.**

**No. 61–C–904.**

United States District Court
E. D. New York.

Feb. 26, 1962.

Joseph P. Hoey, U. S. Atty. by George V. O'Haire, Asst. U. S. Atty., for plaintiff.

Joseph T. King, New York City, for defendant.

MISHLER, District Judge.

Motion by plaintiff to strike out affirmative defense pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A., i. e., that the affirmative defense is insufficient in law or immaterial, impertinent or redundant.

This action is brought by the Secretary of Labor against defendant local labor organization, pursuant to Section 402(b) of the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA), 73 Stat. 534, 29 U.S.C.A. § 482(b).[1] The claim states that there is probable cause to believe that in violation of Sections 401(b) and 401(e) of the LMRDA[2] (29 U.S.C.A. §§ 481(b) and 481(e)) and defendant's constitution and by-laws, " * * * defendant has failed to hold an election of its union officers within the time prescribed * * * " [paragraph VI of complaint].

Defendant's answer denies all the material allegations of the complaint and affirmatively alleges that officers were duly nominated at a meeting on November 4, 1961, and said officers were duly elected on December 2, 1961; that if in fact a violation had existed, it was remedied prior to the institution of the action.

In its affidavit the defendant concedes that it erroneously stated the election was held prior to the commencement of this action, since the complaint was filed on November 28, 1961.[3] The affidavit further states that only members nominated on November 4th were eligible for election under its constitution, so that nomination was tantamount to election since only one member was nominated to each office.

---

1. Section 402(b) LMRDA states:

"The Secretary shall investigate such complaint [of a member alleging a violation of § 401] and, if he finds probable cause to believe that a violation of this title has occurred and has not been remedied, he shall, within sixty days after the filing of such complaint, bring a civil action against the labor organization as an entity in the district court of the United States in which such labor organization maintains its principal office, to set aside the invalid election, if any, and to direct the conduct of an election or hearing and vote upon the removal of officers under the supervision of the Secretary and in accordance with the provisions of this title and such rules and regulations as the Secretary may prescribe. The court shall have power to take such action as it deems proper to preserve the assets of the labor organization."

2. 401(b)—"Every local labor organization shall elect its officers not less often than once every three years by secret ballot among the members in good standing."

401(e)—"In any election required by this section which is to be held by secret ballot a reasonable opportunity shall be given for the nomination of candidates and every member in good standing shall be eligible to be a candidate and to hold office (subject to section 504 and to reasonable qualifications uniformly imposed) and shall have the right to vote for or otherwise support the candidate or candidates of his choice, without being subject to penalty, discipline, or improper interference or reprisal of any kind by such organization or any member thereof. Not less than fifteen days prior to the election notice thereof shall be mailed to each member at his last known home address. Each member in good standing shall be entitled to one vote. No member whose dues have been withheld by his employer for payment to such organization pursuant to his voluntary authorization provided for in a collective bargaining agreement shall be declared ineligible to vote or be a candidate for office in such organization by reason of alleged delay or default in the payment of dues. The votes cast by members of each local labor organization shall be counted, and the results published, separately. The election officials designated in the constitution and bylaws or the secretary, if no other official is designated, shall preserve for one year the ballots and all other records pertaining to the election. The election shall be conducted in accordance with the constitution and bylaws of such organization insofar as they are not inconsistent with the provisions of this title."

3. Rule 3, Federal Rules of Civil Procedure.

The affidavit in support of the motion defines the violation alleged in the complaint as the failure " * * * to hold an election of its union officers within three years, in violation of its constitution and by laws." Though the complant does not so allege the violation, it is nevertheless determined by the LMRDA that elections must be held " * * * not less often than once every three years * * *."

It would be an answer to the complaint that an election had in fact been held within the three-year period provided by § 401(b) of the LMRDA, or such lesser period of time as provided by the constitution and by-laws of the defendant local labor organization (which defense could here be proved under the general denial). Is it an answer to such a charge that the violation was cured before the action was instituted though held after the three-year period (or lesser period provided by its constitution and by-laws)? I think not.

Under § 402(b) the Secretary upon finding probable cause that a violation has occurred is charged with the duty of bringing an action " * * * to set aside the invalid election, if any * * *". Section 402(a) characterizes a "challenged election" as one based on a complaint filed with the Secretary " * * * alleging the violation of *any provision of section 401* * * * (including violation of the constitution and bylaws of the labor organization pertaining to the election and removal of officers). * * *" [Italics supplied.]

The purpose of providing for frequent elections is " * * * to insure that the officials * * * are responsive to the desires of the men and women whom they represent. The best assurance which can be given is a legal guaranty of free and periodic elections."[4] In carrying out this objective it would appear that where elections were not held within the maximum three-year period (or as provided by the constitution) the investigation by the Secretary and the intervention by the courts would seem appropriate even if in the meantime the election were held. In the procedure fashioned by Congress to insure functioning of democratic processes within a labor organization, Congress charged the Secretary of Labor with the duty of investigating violations under § 401. Only after the member of the labor organization has exhausted the remedies available to him under the constitution and by-laws of the labor organization, and has not received a decison from it within three months, then upon filing a complaint with the Secretary (which must be done within one month after the expiration of the aforementioned three-month period), [§ 402 LMRDA] does the right accrue to the Secretary of Labor. The filing of the complaint under the procedure outlined by Congress sets in operation the governmental machinery. To that point, the LMRDA gives the labor organization the opportunity to correct and remedy the violations. Beyond that point, the right of the government to investigate the breakdown of the democratic processes is clear. It is not within the power of the labor union to deprive the government of its right by compliance. The interest of the public goes beyond adherence to the form. The interest of the public has been called into play by the failure of the local union to act. The substantial right of the Secretary cannot be capriciously brushed aside.

The courts are reluctant to strike out pleadings. Only where it appears that the pleading bears no relationship to the litigation and is prejudicial, is relief granted under Rule 12(f).[5] To allow the defense to remain in the answer would confuse the issues and thereby prejudice the plaintiff.

Motion granted. Settle order on two days notice.

---

4. Legislative History Senate Report 86th Congress—First Session, U. S. Code Congressional and Administrative News 1959, p. 2336.

5. Moore's Federal Practice, Vol. 2, pp. 2317–2318.